**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 17, 2020[*]
Decided October 1, 2020

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-1866

| | |
|---|---|
| MICHAEL EDWARDS,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Southern District of Indiana,<br>Indianapolis Division. |
| *v.* | No. 1:19-cv-01000-JMS-MJD |
| INDIANA UNIVERSITY,<br>    *Defendant-Appellee.* | Jane Magnus-Stinson,<br>***Chief Judge***. |

**O R D E R**

Michael Edwards, who had taught at Indiana University for nearly two decades, believes that he was fired from his job because of his race. He used a form complaint from the Southern District of Indiana to sue the University for race discrimination. The district court, construing his complaint under 42 U.S.C. § 1981 and Title VII of the Civil

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Rights Act of 1964, 42 U.S.C. § 2000e–2(a), found no evidence that race influenced the University's decision and entered summary judgment against him. We affirm.

Edwards was fired for sexual misconduct with a student. According to that student's complaint, Edwards invited her to his home, where he massaged her without her consent and then proposed that she have a sexual relationship with him. Over Edwards's denials, the University credited the student's allegations because she provided significant details about the incident's time and location, including a detailed description of Edwards's home. The student corroborated her account with contemporaneous text messages she had sent to a friend. Further, Edwards's inappropriate conduct had been the subject of complaints that four other students previously had made to the University. Because Edwards's misconduct violated the University's sexual misconduct policy, it fired him in June 2018.

After filing a discrimination charge with the Equal Employment Opportunity Commission in late 2018, Edwards sued the University. He alleged mistreatment based on race in several earlier incidents (e.g., his discharge from the Chemistry Department in early 2010, his denial of a promotion in the School of Public Environmental Affairs in late 2010, a halt to his funding for minority outreach in 2012, and a shouting outburst from the co-chair of the Chemistry Department in 2016). He also invoked race discrimination in his recent firing—an inference he draws from the student's allegations (which he regards as unfounded) and the slow pace of the University's investigation.[1]

The district court construed his claims under § 1981 and Title VII and entered summary judgment for the University. The court concluded that the University's sovereign immunity under the Eleventh Amendment barred Edwards's § 1981 claims and that any evidence of race influencing the University's investigation or its decision to fire him was "glaringly absent."

On appeal, Edwards generally challenges the district court's decision to enter summary judgment for the University on his Title VII claim of racial discharge. But to avoid summary judgment on this claim, he needed to produce evidence that the University fired him because of his race—in other words evidence "considered as a whole, [that] 'would permit a reasonable factfinder to conclude that [Edwards's] race . . . caused [his] discharge.'" *Abrego v. Wilkie*, 907 F.3d 1004, 1012 (7th Cir. 2018)

---

[1] Edwards also brought a claim for retaliation, which the district court rejected, but he says no more here about it, and neither do we.

(quoting *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016)). Edwards has not met this burden. As the district court concluded, evidence of race affecting the University's investigation and Edwards's discharge is "glaringly absent." Although Edwards denies the student's allegations and insists that race must have played a role in the investigation and his discharge, his subjective belief, without more, is not enough to survive summary judgment. *See Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 548 (7th Cir. 2011).

Edwards disagrees with the court's refusal to consider incidents of bullying that he experienced at the University between 2010 and 2016—incidents the court appropriately found time-barred because he did not file his charge with the EEOC within the requisite 180 days. 42 U.S.C. § 2000e-5(e). Such time-barred evidence may not form the basis of a Title VII discrimination claim, though it can be relevant for a court's evaluation of a claim that is timely filed. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Malin v. Hospira, Inc.*, 762 F.3d 552, 561 (7th Cir. 2014). But Edwards does not explain, let alone hint at, how the bullying incidents relate to the sexual-assault allegations, the University's investigation, or his discharge.

We have considered Edwards's remaining arguments, and none has merit.

AFFIRMED.